## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Jim Griffith Builder, Inc.

v.

State Board of Contractors

September 13, 1985

Case No. (Chancery) 14085-FB

By JUDGE FRED W. BATEMAN

The facts relating to the missing lintels and anchor bolts are undisputed. The facts relating to the combustible materials on the underside of the fireplace and the shims were disputed, but the evidence was sufficient to justify the agency's conclusion. The remaining disputes involve the alleged uncompacted fill and the assessment of costs against the petitioner.

Historically, when the dwelling in question was built in 1976, the State Building Code, BOCA, or the one or two family dwelling code, was in effect and applicable to York County. Where the county cannot produce inspection records, and in the absence of evidence to the contrary, it seems to the court that an inference or perhaps a presumption that the county properly inspected the footings could have been utilized in a case of this type. This suggestion, however, is of no value since the Court is prohibited from trying the facts de novo, which give the agency's record and conclusions the status of a jury verdict.

The statutory limitation on this court's power to review is so restrictive that its practical effect is somewhat like adding maternity benefits to medicare; it is there but who need it.

The Supreme Court, as pointed out by the Attorney General, has defined "substantial evidence" with respect

to agency hearings to mean "such relevant evidence as a reasonable mind *might* accept as adequate to support a conclusion." Applying this rule, this Court cannot say that the hearing officer was wrong in his conclusion regarding the uncompacted fill, but it would observe that he was powerfully weak on being right.

Where the agency, as in this case, imposes a fine it may, under Section 54-1.22:1, assess costs limited to the reasonable hourly rate of the hearing officer and the actual costs of recording the proceeding.

In view of the foregoing, the Court finds that the appeal should be dismissed.